### UNITED STATES ex rel. YOUNG v. LEHMAN et al.

(District Court, D. Maryland. May 1, 1920.)

Army and navy ⊙⟶44(1)—Draft evader may be tried by court-martial without preliminary investigation by draft board.

> A drafted man, ordered to report for military service under Selective Service Act May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k), but remaining in hiding until after the draft boards were abolished, may be tried by court-martial for desertion without a preliminary investigation before the draft board, as such investigation under a presidential order was a mere procedural step, the abolition of which does the drafted man no harm.

Habeas corpus by the United States, on the relation of Russel B. Young, against Lieut. R. G. Lehman, Prison Officer at Camp Meade, and another. Writ dismissed, and petitioner remanded.

Charles D. Wagaman, of Hagerstown, Md., and Preston & Fields, of Baltimore, Md., for petitioner.

ROSE, District Judge. The petitioner, Young, in June, 1917, as required by the Selective Service Act of May 18 of that year (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k), duly registered before local draft board No. 1 in Hagerstown, in this state. In due course he was ordered to report for military service. Instead of doing so, he fled and remained in hiding for more than two years. He returned to Hagerstown in the fall of 1919, and was then arrested by the sheriff, turned over to the military authorities, tried for desertion, convicted, and sentenced to five years' imprisonment. He asks for his release because, as he says, the court-martial had no jurisdiction to try him. His contention is that by the regulation of the President, in force at the time he deserted, he should, upon his apprehension, have been taken before the local draft board, so that it might inquire whether his desertion was willful, and that he is not subject to court-

martial until the draft board had first decided that question in the affirmative.

Some months before his arrest, all use for the draft boards being at an end, the President discharged them from service. If the petitioner is right, any deserter who succeeded in escaping arrest until their abolition cannot now be punished. Very many persons failed to respond punctually to their orders, but only in a small minority of these cases was there any real attempt to evade service. There would have been an enormous waste of time in sending every one of these technical defaulters before a court-martial. There would scarcely have been courts enough to try them. For that reason, the President directed that such cases should receive preliminary investigation by the draft boards. Such action was not primarily for their protection. These boards had no power to condemn or acquit. Consideration there was a mere procedural step, in which the drafted man had no vested right or interest, and its abolition does him no harm. Before the petitioner or any one else can be punished for desertion, the court-martial must decide that in evading service he acted willfully.

It follows that the writ must be dismissed and the petitioner remanded.